IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NORMAN PARRETT, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-3943 |
| | § | |
| ADRIN GARCIA, *ET AL.*, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER OF DISMISSAL

Plaintiff, a state inmate proceeding *pro se*, filed this section 1983 lawsuit complaining that, in 2007, Harris County Jail medical providers were negligent in treating his injured ankle and that jail officials failed to train and supervise employees or maintain a safe jail.

Based on consideration of the complaint and the applicable law, the Court dismisses this lawsuit as barred by limitations and for failure to state a claim, as shown below.

### *Background and Claims*

Plaintiff complains that, in January of 2007, he injured his ankle playing volleyball while in custody of the Harris County Jail. The injury was x-rayed and wrapped, and plaintiff was given pain medication. The ankle continued to cause plaintiff pain and limited mobility, and in May of 2007, he was transported to the hospital for further examination and treatment. The ankle was placed in a cast, which was to be removed in thirty days. Plaintiff became

impatient when the cast was not removed within thirty days, and removed it himself in June of 2007.

Plaintiff states that, following his release from jail on July 17, 2007, he continued to experience discomfort and difficulty walking. He informs the Court that he delayed filing the instant lawsuit because he was waiting for follow-up while in jail and a response to his jail grievance, and thought the injury would eventually get better on its own. He seeks monetary compensation and lifelong medical care for his injuries caused by defendants' negligence and failure to supervise and train.

## *Analysis*

Under 28 U.S.C. § 1915(e)(2)(B), the Court may scrutinize the basis of the complaint and, if appropriate, dismiss the case if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

A. *Failure to State a Claim Regarding Medical Care*

Plaintiff's claims are expressly based in his medical care providers' "fail[ure] to thoroughly treat the injury" and to supervise the treating physicians, and in jail officials'

failure to train and supervise medical staff or maintain a medically-safe jail. (Docket Entry No. 1, p. 3.) Plaintiff acknowledges that he was provided medical care and treatment, but asserts that the medical defendants were negligent in how they provided the care.

Plaintiff's claims are before the court pursuant to 42 U.S.C. § 1983. However, section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981). Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States." *Id*.

At most, plaintiff's assertions against the medical defendants give rise to a claim for negligence under state law. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 333-34 (1986); *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999) ("Unsuccessful medical treatment, ordinary acts of negligence, or medical malpractice do not constitute a cause of action under § 1983."). Accordingly, plaintiff's factual allegations for improper medical care do not give rise to a section 1983 claim.

    B.    *Expiration of Limitations as to All Claims*

Regardless, plaintiff's claims in this lawsuit are governed by the applicable state two-year statute of limitations. *See Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990); *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). While the limitations period is determined by

reference to state law, the standard governing the accrual of a cause of action under section 1983 is determined by federal law. *Burrell*, 883 F.2d at 418. The standard provides that the time for accrual is when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Id*. Given a construction most favorable to plaintiff, the factual allegations of this complaint show that plaintiff was aware that he had suffered an actionable injury by at least July 17, 2007, when he was released from jail custody. Because plaintiff's claims accrued in July of 2007 but this lawsuit was not filed until November of 2009, plaintiff's claims are barred by limitations. Further, plaintiff knew, or had reason to know, of the facts underlying his claims for failure to train, supervise, or provide a medically-safe jail by July 17, 2007. Thus, all of plaintiff's claims raised in this complaint are barred by limitations.

To the extent state law recognizes equitable tolling, *see Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir.1998), no factual grounds are shown. All of plaintiff's professed reasons for delaying the filing of this lawsuit, as noted above, were extant and apparent at the time limitations commenced upon his release from jail on July 17, 2007, and afford him no additional limitations benefit.

### *Conclusion*

This lawsuit is DISMISSED as barred by limitations and for failure to state a claim upon which relief may be granted. Because no viable federal claims have been raised, the Court declines to exercise ancillary jurisdiction over any state law claims raised by this

complaint. All pending motions are DENIED AS MOOT. Plaintiff is advised that this dismissal constitutes a "strike" under section 1915(g) for purposes of proceeding *in forma pauperis* in any future litigation.

The Clerk will provide a copy of this Order to the parties; to the TDCJ Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Inmate Three-Strike List Manager.

Signed at Houston, Texas, on December 11, 2009.

_____
Gray H. Miller
United States District Judge